## Louisville & Nashvlile Railroad Company v. Hamblen.

(Decided February 16, 1926.)

### Appeal from Kenton Circuit Court.

Appeal and Error—Opinion of Court of Appeals on Former Trial is Law of Case, where Evidence is Same in all Essential Particulars.—Where Court of Appeals reversed case on former appeal because of failure to peremptorily instruct jury, its opinion upon former trial is law of the case where evidence was same in all essential particulars, and failure of trial court to observe its mandate was error.

WOODWARD, WARFIELD & HOBSON, ASHBY M. WARREN and S. D. ROUSE for appellant.

GRAZIANI & ROOT for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Reversing.

This is the second appeal of this case. The opinion rendered upon the former appeal may be found in 207 Ky., at page 356. The original appeal was from a judgment in favor of appellee against appellant for $2,750.00. As may be ascertained by reference to the former opinion the judgment was reversed because of the error of the trial court in not peremptorily instructing the jury to find for appellant. The case has been retried in the court below, and, at the conclusion of the evidence for appellee and again at the conclusion of all the evidence, appellant

moved the trial court under the former opinion to peremptorily instruct the jury to find for it. The motion was overruled and the question of appellant's liability was again submitted to the jury, resulting in a verdict for $5,500.00. Judgment was thereupon entered and from it this appeal has been prosecuted.

It is insisted for appellant that the former opinion is the law of the case; that upon the second trial—that resulting in the judgment appealed from herein—the evidence was substantially the same as upon the first, and that the trial court erred in not sustaining its motion for a directed verdict. The opinion of the trial court rendered in overruling appellant's motion and grounds for a new trial hereof makes it appear that the court did not have access to a transcript of the testimony upon the former trial, but judged from the former opinion and the evidence upon the last trial that there was sufficient difference in the evidence heard upon the two trials to require a submission of the case to the jury. We have carefully compared the evidence introduced for appellee upon the second trial and that introduced upon the first, and we find it to be in all essential particulars the same. Appellee and a crew of men were engaged in lifting a piece of timber prepared for use as a car sill which was 36 feet long, 13 inches wide and 5 inches thick, and which weighed some 600 or 800 pounds. While so doing the piece of timber turned over and mashed appellee's thumb. Liability for the resulting injury was sought to be fastened upon appellant because of what was said by the foreman in charge of the crew immediately before the accident. The case turns upon that narrow question. We find that the witnesses upon the last trial attribute to the foreman of the crew not only in substance but almost in indentical language the same words spoken upon the occasion in question as were attributed to him by them upon the first trial hereof. They describe upon the last trial the circumstances and situations surrounding them at the time the foreman spoke as they testify he did exactly as they did upon the first trial. Analyzing the testimony for appellee upon the first trial in the light of the facts and circumstances surrounding the parties, this court held that what was said by the foreman could not be considered as a direction to the men engaged in lifting the timber from the ground to the trestles as to how they should do it, but left them, shown to have been

accustomed to doing that kind of work and to know how it should be done, to select their own method of raising the timber, but was merely the foreman's effort to speed up the work as there was a hurry call for the car sills. The evidence upon the second trial as to the situation of the parties and what the foreman said being in almost the identical language of that upon the first and, certainly, in all essential particulars being the same, the opinion of this court upon the former trial is the law of the case and the trial court erroneously failed to observe its mandate at the close of the evidence upon the second trial hereof. A peremptory instruction to find for appellant should have been awarded.

Wherefore, the judgment herein is reversed and this cause remanded for further proceedings consistent herewith.